MICHIGAN TRUST CO. *v.* HOWE, SNOW & BERTLES REALTY CO.

MORTGAGES—TRUSTS—BONDHOLDERS—DEFICIENCY DECREE—WAIVER.
Trust mortgage bondholders have a right to decree for deficiency upon foreclosure where such right is not waived.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 24, 1934. (Docket No. 138, Calendar No. 37,789.) Decided May 21, 1934.

Bill by Michigan Trust Company against Howe, Snow & Bertles Realty Company, a corporation, Henry T. Heald, individually and as trustee, and others to foreclose a trust mortgage. Objections to confirmation of sale and report by circuit court commissioner were filed by Bernard S. Karseboom and others, minority bondholders. From orders confirming sale and report of commissioner, defendants Heald and minority bondholders appeal. Modified and affirmed.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendant Heald.

*Norris, McPherson, Harrington & Waer,* for defendant bondholders.

* Continued from Vol. 266.

POTTER, J. This case is here on objections to the confirmation of a mortgage sale and confirmation of the report made by the circuit court commissioner. February 6, 1923, Rindge Building, a Michigan corporation, later called Howe, Snow & Bertles Realty Company, a corporation, and now known as Commercial Realty Corporation, made and executed to the Michigan Trust Company, as trustee, a mortgage deed of trust on property known as the Grand Rapids Garages, Inc., south unit, to secure the payment of $300,000 in par amount of its gold bonds of which $225,000 were sold and delivered. In 1927 the properties of the Howe, Snow & Bertles Realty Company were divided and Henry T. Heald became the owner of the garage property in question. He executed a declaration of trust, reciting he held the property in trust for the benefit of persons who had held and surrendered junior incumbrances; $50,000 in par amount of the bonds issued and sold were paid and retired, leaving $175,000 in par amount outstanding. Default occurred in the terms of the mortgage securing the bond issue. August 11, 1932, a bill was filed by the Michigan Trust Company to foreclose the trust mortgage, stating that the amount due thereon consisted of the principal sum of $175,000, accumulated interest, $16,246.77, and unpaid taxes of $13,661.67, a total of $204,908.44. April 19, 1933, a decree of foreclosure was entered and Henry T. Heald, then the owner of the property, was held personally liable. A bondholders' committee was formed to bid in the property; $162,700 in par amount of the outstanding bonds were deposited with the bondholders' committee; $11,200 in par amount of the bonds were not deposited but are owned by appellants. Attempts to reorganize failed. December 2, 1933, the property was offered

for sale and was sold for $60,000 subject to taxes which had accrued, amounting then to $22,000, a total of $82,000. Defendant Henry T. Heald filed objections to the confirmation of the sale. A hearing was had from which it appeared that the property was assessed for $175,000. Various persons testified to its value, ranging from $220,000 to $275,000, and the testimony showed that the total investment in the property was approximately $400,000. Plaintiff's testimony fixed a valuation at from $140,000 to $150,000. The court fixed an upset price at $120,000, that is, at $98,000 plus the accrued taxes. Objections to the confirmation of sale were filed and the court first held that the sale at $60,000 plus the taxes would not be confirmed. A rehearing was granted and the trustee, on behalf of the bondholders' committee, filed a release of Heald and the Commercial Realty Company from liability for deficiency and confirmed the sale. The non-depositing bondholders refused to acquiesce in this waiver of deficiency so far as they are concerned, but, notwithstanding their objections, the sale was confirmed. Defendant Heald by reason of being in a fiduciary relation to dissenting bondholders and others, refused to assent, but objected to the confirmation. Plaintiff and appellee offered on the trial of the case to permit the non-depositing bondholders to be treated the same as the depositing bondholders, and still in this court in their brief offer to do so. The commissioner reported the proceedings after confirmation of sale, but reported no deficiency by reason of the waiver filed by plaintiff. The $60,000 bid consisted of $6,719.42 in cash and the balance in bonds; $4,028.85 was reported from the sale as having been allocated from the sale to bondholders who were not represented by the

bondholders' committee in par amount of $12,000. January 25, 1934, an order confirming the report of the commissioner of proceedings after sale was entered to which exceptions were filed by defendants and appellants and overruled by the trial court. Appellants, non-depositing bondholders, appealed from the orders of the trial court confirming the sale and confirming the report of the commissioner of the proceedings after sale, contending that the trustee under the trust mortgage had no power or authority to waive a deficiency decree against defendants; that the circuit court in chancery had no power or authority to waive such deficiency; that the non-depositing bondholders have the same right to equitable protection by the court against the confirmation of a noncompetitive sale at an inadequate price as the mortgagor. Appellant Heald who stands in the position of a mortgagor, says that neither the bondholders' committee nor the trustee had power or authority to execute the release by the trustee of defendants' liability for deficiency, that by such action the bonds secured by the mortgage are not canceled and that he still remains personally liable upon the bonds, and consequently the waiver of deficiency is no protection to him and those whom he represents. The appellee contends there was no abuse of discretion upon the part of the trial court; that the price at which the property was sold was fair and equitable under all the circumstances; alleges the mortgage itself authorized and empowered the trustee to release the defendant from liability for a deficiency decree; that the non-depositing bondholders are not injured because they still have a right to resort to the personal obligation of the mortgagor, and defendant Heald cannot complain because he is released from liability upon 93

per cent. of the outstanding bonds and remains liable only for deficiency on seven per cent. of the bonds instead of on 100 per cent. There is no serious dispute about the law.

The bondholders had a right, upon a sale pursuant to the foreclosure decree, to a decree for deficiency. Such right could be waived by the bondholders. The right to a deficiency decree was waived by approximately 93 per cent. of the bondholders. It was not waived by the non-assenting bondholders of approximately seven per cent. of the outstanding bonds. Upon the filing of the waiver of decree for deficiency by 93 per cent. of the outstanding bondholders, no deficiency decree at all was awarded and the sale of the premises and property for $60,000 was confirmed. Whether the trial court would have confirmed the sale if the non-assenting bondholders had been awarded a deficiency decree is not clear. We see no reason to set aside the sale, but the decree of the trial court must be modified to the extent of awarding the non-assenting bondholders decree for deficiency. With this modification the decree of the trial court is affirmed, with costs to appellants.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.